EUGENE H. PEARSON, APPELLEE, V. BADGER LUMBER
COMPANY ET AL., APPELLANTS.

FILED APRIL 18, 1900. No. 9,225.

1. **Confirmation of Sale:** OBJECTION IN SUPREME COURT. An objection
   to the confirmation of a sale not made in the trial court and
   raised for the first time in this court will not be considered.

2. ———: NOTICE. A notice of sale which states that the sale is to
   be made by virtue of an order issued out of the district court
   in a certain case, entitling it, is a sufficient compliance with the
   statute.

APPEAL from the district court of Lancaster county.
Heard below before HOLMES, J. *Affirmed.*

*Charles E. Magoon,* for appellant.

*S. L. Geisthardt, contra.*

*Frank Irvine,* who was not of counsel in the *nisi prius*
court, argued the case for appellant, and called the at-
tention of the court in his brief to the fact that the prop-
erty did not sell for two-thirds of its appraised value.

SULLIVAN, J.

This is an appeal from an order confirming a sale of
real estate made under a decree of foreclosure. The
Badger Lumber Company was the owner of the property.
The president and directors of the Insurance Company of
North America had a first mortgage on a portion of it,
which will for convenience be hereinafter designated as
"tract A." Upon the other portion of it, which will be
hereafter referred to as "tract B," the Philadelphia Mort-
gage & Trust Company had a first mortgage. Eugene H.
Pearson had a second mortgage on both tracts. Pearson
brought this suit to foreclose his mortgage, and the other
mortgagees having, by intervention, become parties to
the action, asked for and obtained a decree foreclosing
their mortgages. Afterwards, in the same case, another

decree was rendered establishing the lien of Pearson's mortgage and providing for its payment out of the surplus remaining after the satisfaction of the first decree.

Two questions discussed by counsel for appellant merit brief consideration. It is first contended that the motion to vacate the sale should have been sustained because the property did not sell for two-thirds of its appraised value. It appears from the record that tract A was appraised at $12,000, and tract B at $10,000. The sheriff's return to the order of sale shows that tract A was sold to the Philadelphia Mortgage & Trust Company for $6,667, and tract B to the president and directors of the Insurance Company of North America for $8,000. After the case was brought, by appeal, to this court, the district court made an order correcting its record to show that tract A was sold for $8,000 and tract B for $6,667. The authority of the district court to make this order is discussed at some length by counsel, but we do not find it necessary to determine the point. The objection that the property did not sell for two-thirds of the appraised value was not presented to the trial court, and can not be raised here for the first time. *Ecklund v. Willis*, 42 Nebr., 737; *Broadwater v. Foxworthy*, 57 Nebr., 406. In reaching this conclusion we have not overlooked the fact that the motion to vacate the sale states that the property did not sell for two-thirds its actual value in money. It is also stated in the motion that "the real money value of the interest of the Badger Lumber Company in said lands and tenements is $32,000." At the hearing of the motion affidavits were read showing that the appraisement was too low, but it does not appear that any claim was made that the property did not bring at the sale two-thirds of its value as fixed by the appraisers. We think it very clear that appellant did not intend by its motion to raise this point, and that the trial court failed to rule on it, without being itself in fault. The objection that the sale was not justified by the appraisement, is apparently a recent conception of counsel, for there is

no reference to it in the original brief.  It was probably suggested by the order of the district court amending its record.

It is next insisted that the order of confirmation should be reversed because the notice of sale was incorrect, misleading and calculated to deter bidders.  The notice states that the sale is to be made by virtue of an order issued out of the district court of Lancaster county in a case wherein Eugene H. Pearson is plaintiff and the Badger Lumber Company et al. are defendants.  The law requires nothing more.  Code of Civil Procedure, sec. 497. There was only one decree in the case which provided for a sale of the property.  The judgment in favor of Pearson did not direct a sale, but merely provided for the disposition of a portion of the proceeds of the sale to be made under the first decree.  The notice was sufficient. The order of confirmation is

AFFIRMED.